Butler v. Mooers                    CV-98-268-M    08/25/98

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Mary Butler,
        Plaintiff

v.                                        Civil No. 98-268-M

Daniel Mooers, Esq.,
Daniel Mooers, P.A.,
and Shirley Mooers,
        Defendants


## O R D E R

Plaintiff, Mary Butler, brings this diversity action seeking compensatory and punitive damages against defendants for their allegedly wrongful conduct, which plaintiff claims proximately caused her indictment and arrest.  Although all criminal charges against her were subsequently dismissed, plaintiff asserts that she nevertheless suffered substantial damages as a result of defendants' tortuous conduct.

This case was filed in the District of Maine, but was transferred here upon recusal of the judges of that court.  Pending before the court is defendant Shirley Mooers' motion to dismiss.


## Background

According to the allegations set forth in the complaint, the pertinent facts appear as follows.  Defendant Shirley Mooers worked in her husband's law office as a legal secretary.  She

also acted (at least for a short period of time) as a corporate officer in one or more corporations that her husband, Attorney Daniel Mooers, had formed for one of his clients — plaintiff's husband, Larry Butler.

The complaint alleges that Attorney Mooers, Shirley Mooers, and Larry Butler, working in concert and with knowledge of the illegality of their conduct, created a series of corporate entities and off-shore bank accounts for the purpose of illegally shielding Larry Butler's assets from a deficiency judgment obtained by one of Butler's creditors. In 1995, Larry Butler and plaintiff were indicted by a federal grand jury for, among other things, bank fraud and illegal structuring. Plaintiff was arrested and detained for four days. Eventually, however, all charges against her were dismissed.

Plaintiff alleges that Attorney Mooers acted as legal counsel to both her and her husband, Larry Butler, as well as the corporate entities created for the benefit of Mr. Butler. She claims that despite having inquired into the legality of the conduct for which she was subsequently indicted, she was repeatedly assured by Attorney Butler that everything that he had counseled her to do was perfectly legal. She alleges that as a result of defendants' negligent and intentional conduct, she suffered severe physical, financial, and emotional damages

2

(primarily stemming from her arrest and detention on federal criminal charges).

## Discussion

Plaintiff's complaint contains six counts, invoking various causes of action under Maine common law: breach of fiduciary duty; negligent misrepresentation; negligent infliction of emotional distress; breach of duty of loyalty; intentional infliction of emotional distress; and fraud. While the factual bases for those claims against Attorney Mooers (plaintiff's attorney) are reasonably clear, the complaint falls woefully short in pleading the bases for those claims as they relate to defendant Shirley Mooers.

At best, the complaint alleges that Shirley Mooers had actual knowledge of the illegality of the affairs in which her husband, plaintiff, Larry Butler, and she herself participated. See Complaint at para. 29 ("Shirley Mooers acted as an agent and employee of [Attorney] Mooers and Daniel Mooers, P.A., and at all pertinent times hereto, had knowledge of the criminal nature of the conduct engaged in by Daniel Mooers and knowingly assisted him in that conduct."). However, the complaint fails, among other things, to describe the legal and factual origin of any cognizable legal duty owed by defendant Shirley Mooers to plaintiff. The complaint is particularly lacking with regard to

3

factual allegations sufficient to support a claim of fraud.  See generally, Fed. R. Civ. P. 9(b).

For example, neither count 1 (breach of fiduciary duty) nor count 4 (breach of duty of loyalty) alleges facts which, if credited as true, would enable a reasonable trier of fact to conclude that Shirley Mooers (the wife and legal secretary to plaintiff's attorney) had a fiduciary or other confidential relationship with plaintiff.  See generally, Brae Asset Fund, L.P. v. Adam, 661 A.2d 1137, 1140 (Me. 1995); Leighton v. Fleet Bank of Maine, 634 A.2d 453, 457-58 (Me. 1993); Diversified Foods, Inc. v. First Nat. Bank of Boston, 605 A.2d 609, 614-15 (Me. 1992).  The remaining counts suffer from similar deficiencies.

While the court might properly grant defendant Shirley Mooers' motion to dismiss, notions of lenity perhaps counsel at this early stage in favor of affording plaintiff the opportunity to amend her complaint (assuming it can be done in good faith), to allege her claims with the requisite specificity. Accordingly, on or before September 25, 1998, plaintiff shall file an amended complaint that: (1) specifically pleads the factual and legal bases for her claims against Shirley Mooers; and (2) specifically identifies which counts apply to Shirley Mooers.

4

Defendant's motion to dismiss (document no. 16) is denied without prejudice. Should plaintiff file an amended complaint, defendant may resubmit her motion to dismiss, supplementing it as appropriate in light of the allegations in the amended complaint. Should plaintiff elect not to file an amended complaint, the court will dismiss all counts against defendant Shirley Mooers.

**SO ORDERED**

_____
Steven J. McAuliffe
United States District Judge

August 25, 1998

cc:  Thomas F. Hallett, Esq.
     Jack H. Simmons, Esq.
     James M. Bowie, Esq.
     Michael J. Waxman, Esq.
     William S. Brownell, Clerk
          U.S. District Court